W. J. Scott, Attorney, &c., *v*. J. Lawson, Curator.   10   547
104   115

It cannot be urged in the Supreme Court that the Judge erroneously overruled an application for
continuance, when the point had not been reserved by a bill of exceptions to the ruling of the
court.

Curators, administrators, tutors and testamentary executors who absent themselves from the State
for a time, will lose their administrations unless they appoint an attorney and deposit an authen-
tic copy of the power of attorney in the manner pointed out by the Act of 24th April, 1847.
C. C. 1145.

APPEAL from the District Court of Bienville, *Drew* J.
Scott, for attorney of absent heirs.  *Looney*, for the curator and appel-
lant.

SPOFFORD, J.   The plaintiff, as counsel for the absent heirs of *John M. Bell*,
deceased, brought this suit to procure the dismissal of the defendant from the
office of curator of *Bell's* vacant succession.

The reasons alleged are, that the curator, who was a resident of the parish
of Bienville at the time of his appointment, has since left the State and gone
to California to reside, where he has been more than a year without leaving
any agent or attorney in fact to represent him in the said succession, and that
he has also failed to render the proper accounts of his curatorship.

A curator *ad hoc* was appointed to represent the absent defendant, and has
appealed from the judgment of the District Court dismissing the curator from
office.

In this court, he urges that the Judge erroneously overruled his application,
for a continuance.   But he took no bill of exceptions to the ruling, and we can-
not, therefore, revise it.   It is only when the question decided is presented by
the pleadings, that a bill of exceptions may be dispensed with.   *Exchange and*
*Banking Co.* v. *Yorke*, 4 An., 139.

The long continued absence of the defendant, probably in the State of Cali-
fornia, was sufficiently proved, without the evidence which was excepted to, by
the defendant's counsel.

It was the duty of the defendant to show that he had complied with the re-
quirements of the Act of 24th April, 1847, amendatory of Art. 1145 of the
Civil Code, even if his absence was but temporary.   " Curators, administrators,
tutors and testamentary executors who only wish to be absent for a time, ought
not to lose their administration of said successions on that account ; provided,
they leave with some person residing in the parish, or in an adjoining parish,
where the succession is opened, a general and special power of attorney to re-
present them in all the acts of their administration as curator, administrator,
tutor and testamentary executor, and deposit an authentic copy of the power
of attorney before his departure, in the office of the Recorder of Mortgages in
and for the parish where said succession has been opened, which power of at-
torney shall be duly registered."

Scott
v.
Lawson.

The object of this law is to secure the constant presence of a person to represent the succession, to whom creditors and heirs may apply. The curator *ad hoc* might have procured evidence enough to defend this suit by application to the Recorder, if his client had complied with the law.

There is no error in the judgment destituting the defendant of his office as curator. C. C. 1144, 1145, 1149, 1151.

Judgment affirmed with costs.